McKiNNEY, J.,
delivered the opinion of the Court.
This action is founded upon a delivery bond executed to Walker, as a constable, by Mills, the testator of Howell and wife, and others.
The plaintiff failed in his action, and has brought the case to this Court.
The facts material to be noticed are as follows: An execution upon a magistrate’s judgment was placed in the hands of Walker, a constable of Hawkins County, in favor of Powell & Co. vs. Ferguson, the principal, and Mills, the stayor. This execution was levied by Walker on certain personal property of Mills, the stayor, who gave bond for the delivery on the day of sale, but failed to deliver the same.
Thereupon, Walker, instead of proceeding under the forfeited bond, caused another execution to be certified and sent to Jefferson County, (with the view of coercing satisfaction out of Ferguson, the principal,) upon which an execution, was issued pursuant to the Statute, by a justice of the latter county. This execution was placed by Walker, in the hands of Price, a constable of Jefferson County, who, as is alleged by the plaintiff, failed to obtain satisfaction out of Ferguson, and thereupon Walker, the plaintiff resorted to this action to have satisfation out’ of the parties to the delivery bond.
The principal ground of defense on the trial, was, that Price had, in fact, collected the amount of the judgment from Ferguson, upon the execution placed in his bands, and that consequently, the judgment was ex *240 tinguished. This fact was submitted to the jury, and found in favor of the defendants.
The statement of Price, (who had removed beyond the jurisdiction of the Court,) in regard to his collection of the money, on the process in his hands, was admitted to go to the jury as evidence in support of the defense relied on.
To this, exception was taken; but the Court overruled the exception, and instructed the jury that Price occupied the relation of agent, and that his admission, while the process was in his hands, was competent evidence in this action, for the defendants.
In this instruction we perceive no error: See Moore vs. Bettis, 11 Hump., 68.
The discussion of this point, however, need not be pursued, as there is another fatal objection to the plaintiff’s recovery.
The fact is neither alleged, nor proved, that the plaintiff, as constable, was held responsible for the satisfaction of the judgment to Powell & Co.; or that he has suffered loss or injury by the non-delivery of the property as stipulated in the bond.
Upon what principle then, can he maintain this action ? The delivery bond, though taken to him as constable, is not for his personal benefit, but for the sole benefit of the judgment creditor, and it inures in law accordingly. If a suit be brought upon the bond at all, the officer’s name is merely used for the benefit of the creditor. And if the creditor choose to forego his remedy on the bond, or to abandon the judgment, what right has the officer to enforce the bond? None whatever. If *241 the officer, as such, had been made liable for the judgment, and had actually satisfied it, it may be, that, upon an implied transfer of the judgment to him, "by operation of law, he might have resorted to an action on the bond: Smith vs. Alexander, 4 Sneed, 482; Lintz vs. Thompson, 1 Head, 457. But such is not the present case.
It is clear that the plaintiff shows no legal right to maintain the action, and for this reason, if there were nothing else in the case, the judgment must be affirmed.